**F & P BUILDERS, a Partnership, C.C. Freeman and Linda Pierce, Appellants,**

v.

**LOWE'S OF TEXAS, INC., Appellee.**

**No. 05–89–00959–CV.**

Court of Appeals of Texas, Dallas.

March 1, 1990.

Rehearing Denied April 6, 1990.

Milton G. Hammond, Emil Lippe, Jr., Dallas, for appellants.

Randall F. Adair, Susan P. Kravik, Dallas, for appellee.

Before WHITHAM, ROWE and BAKER, JJ.

OPINION

BAKER, Justice.

The sole issue in this sworn account case is whether, subsequent to delivery and acceptance of goods by a buyer, the seller has the duty to mitigate its damages by

accepting a return of the goods upon the buyer's request. We hold that it does not.

F & P Builders ordered construction products from Lowe's. Lowe's delivered the products, and F & P accepted them. F & P was unable to pay for them and requested that Lowe's return to the delivery sites and pick up the goods. Lowe's refused to do so. F & P argues that the common law duty that a claimant mitigate damages creates a fact question of whether, under the circumstances of this case, the seller should have picked up the goods. F & P argues that the goods were in the same condition as delivered and that it would take minimal effort and expense for Lowe's to comply. The trial court granted Lowe's motion for summary judgment upon its sworn account.

 A movant is entitled to a summary judgment when there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c). F & P judicially admitted that the goods were delivered and accepted. Its only contention is that there is a fact question in this case as to the seller's duty to mitigate damages.

Section 2.709 of the Texas Business and Commerce Code provides:

> (a) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price
>
> > (1) of goods accepted or of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer. . . .

Tex.Bus. & Com.Code Ann. § 2.709(a)(1) (Vernon 1968).[1] F & P claims that notwithstanding this section, the Code does not abrogate the common law duty to mitigate damages. *See* Code § 1.103. We acknowledge that the Code may not displace the common law in every case. *See Travis Bank & Trust v. State,* 660 S.W.2d 851, 855 (Tex.App.—Austin 1983, no writ). For the purposes of this opinion, we assume but do not decide that there is a common law duty upon the seller to mitigate dam-

ages for goods delivered and accepted. However, in our view, section 2.709(a)(1) supplants any duty upon the seller to mitigate damages for goods delivered and accepted. We hold that Lowe's was entitled to a summary judgment as a matter of law, and we affirm the trial court's judgment.

ROWE, J., concurs.

ROWE, Justice, concurring.

I concur in the result, but I would base the decision on a ground other than that given in the majority's opinion. I would simply hold that where goods are sold and delivered, the buyer may not require the seller, in the absence of some special contractual provision to the contrary, to take back the goods as an offset against the purchase price. The doctrine of mitigation of damages is not applicable under these circumstances. The standard bargain made by the seller is to exchange his goods for a monetary price. The law does not compel a party to accept a consideration different from that to which he is entitled under his bargain. Stated otherwise, a party is not required to involuntarily surrender a present substantive right and take another in its place, no matter how valuable the substitute may be. Thus, the particular defensive issue sought to be raised by the nonmovant buyer in this case is not one cognizable either under the common law or under the Texas Business and Commerce Code. The trial court properly disregarded it and rendered summary judgment in favor of the seller for the agreed monetary price of the goods.

---

1. The Texas Business and Commerce Code is hereinafter referred to as the Code.